NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1370

COMMONWEALTH

vs.

DENNIS L. COATES, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction of assault and battery on a family or household member, claiming that he is entitled to a new trial because the prosecutor improperly referred to facts not in evidence in her closing argument.  We conclude that the argument did not exceed the limits of proper argument and affirm.

The defendant was arrested following a physical altercation with the victim, with whom he resided.  He pushed the victim after grabbing her with enough force to leave minor bruising. At trial, the defendant testified that he grabbed the defendant, leaving marks on her body, and then provided inconsistent testimony that the victim demanded either once or twice that he

release her.[1]  Based on this testimony, during her closing argument, the prosecutor began by stating, "There's one thing that's not up for debate, it's that the Defendant grabbed [the victim] by the arms and left marks on her -- left bruises on her.  He said so himself. . . .  He said that twice [the victim] begged him to let her go."  Defense counsel raised no objection to either the prosecutor's closing argument or the relevant parts of the defendant's cross-examination.  "Where, as here, there was no objection to the challenged statements at trial, we review to determine whether there was error and, if so, whether it created a substantial risk of a miscarriage of justice."  Commonwealth v. Cuffee, 492 Mass. 25, 32 (2023).

---

[1] The cross-examination included the following relevant exchange:

Q:  You left marks on her; right?

A:  Correct.

Q:  And you said -- you just quoted her, you said, "Let me go; let me go," that's what she told you; right?

A:  Yes.

Q:  So you were holding her long enough where she had to say let me go twice; right?

A:  No, she said it once.

Q:  Well, that's not what you just testified to; right?

A:  No, I didn't.  I said once.

Although the defendant now claims that the prosecutor's closing argument relied on facts not before the jury, this argument is belied by the record. The defendant testified that he had "grabbed" the victim and "left marks on her." And although he did not use the term "bruises" to describe those marks, "[a] prosecutor is entitled to marshal the facts in evidence, and any fair inferences drawn from those facts, and to argue 'forcefully for the defendant's conviction.'" Cuffee, 492 Mass. at 32, quoting Commonwealth v. Rutherford, 476 Mass. 639, 643 (2017). It was proper argument for the prosecutor to describe the marks on the victim's arms as bruises based on the victim's testimony and the photographs which were admitted in evidence. Furthermore, it was the defendant himself who testified that the victim stated, "Let me go; let me go." As noted, there was no objection. Although the defendant slightly altered his story at various points, there was no error and

therefore no substantial risk of a miscarriage of justice in the prosecutor's closing remarks.

Judgment affirmed.

By the Court (Vuono, Ditkoff & D'Angelo, JJ.[2]),

_Paul Little_
Clerk

Entered:  March 6, 2026.

---

[2] The panelists are listed in order of seniority.